### KANSAS, O. & G. RY. CO. v. MAYES.

No. 20992. Opinion Filed June 16, 1931.

O. E. Swan and James D. Gibson, for plaintiff in error.

G. W. Goad, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the district court of Delaware county in an action wherein the plaintiff in error was defendant. The plaintiff in error in due time served and filed its brief in full compliance with the rules of this court, but the defendant in error has wholly failed to file any brief, or to otherwise appear in this court on the merits of the cause, nor has he offered any excuse for his failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error." City National Bank v. Coatney, 122 Okla. 233, 253 Pac. 481.

In this case, the petition in error prays that the judgment rendered in the trial court be reversed, set aside, and held for naught, and that judgment be rendered in favor of plaintiff in error against the defendant in error, and we find, upon examination, the authorities cited by the plaintiff in error reasonably support the contention of the plaintiff in error, and therefore reverse the judgment of the lower court and direct it to vacate its former judgment and enter judgment for the plaintiff in error.

### CROWLEY v. CITY OF TULSA.

No. 20957. Opinion Filed June 16, 1931.

Woodson E. Norvell, for plaintiff in error.

M. C. Spradling, City Atty., and Eben L. Taylor, Asst. City Atty., for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Tulsa county in an action wherein the plaintiff in error was plaintiff. The plaintiff in error has served and filed his brief in this cause as required by the rules of this court. The defendant in error has failed to file any brief or to offer any excuse for his failure to do so. We have examined the brief of plaintiff in error, and the assignments of error are reasonably supported by the authorities cited therein. Under the oft-repeated holding of this court, we are not required to brief a case on behalf of defendant in error, or to search the record to find some reason why the judgment should be sustained. Home State Bank v. Oklahoma State Bank, 51 Okla 368, 151 Pac. 1044; Love Motor Co. v. Croskell, 141 Okla. 139, 284 Pac. 297. The judgment of the trial court is reversed and the cause remanded for a new trial.

McNEILL, J., disqualified, not participating.